# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | No. 1:03CR35-M |
| ELI "TOM" ORR | DEFENDANT |

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* motion of Eli "Tom" Orr to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion. The matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct Orr's sentence shall be denied.

## Facts and Procedural Posture

On March 20, 2003, a grand jury for the Northern District of Mississippi returned a three-count indictment against the movant Orr and Gloria J. Howard. The indictment charged Orr with two counts of distributing in excess of 50 grams of crack cocaine December 2002 (in violation of 21 U.S.C. § 841(a) and (b)(1)(A)); the indictment also charged Orr and Howard with conspiracy with intent to distribute in excess of 500 grams of cocaine hydrochloride (powered cocaine) (in violation of 21 U.S.C. §§ 846 and 841(a) and (b)(1)(B)). The two distribution counts carried penalties of not less than 10 years and no more than life each, and the conspiracy count carried a penalty of not less than 5 years and no more than 40 years.

After resolution of pretrial motions, including suppression motions, a jury was empaneled on June 9, 2003. On June 11, 2003, the jury returned verdicts of guilty on all counts against Orr. The court held a sentencing hearing September 11, 2003, and sentenced Orr to life imprisonment

without parole on each of the three counts of conviction, to run concurrently. Orr appealed his conviction and sentence, raising five primary claims:

(1) The district court erred in denying Orr's motion to suppress;

(2) The government engaged in misconduct by both failing to produce grand jury testimony and closing arguments;

(3) The district court erred by instructing the jury it had to find the conspiracy involving cocaine base, rather than cocaine as charged in the indictment;

(4) The district court erred in enhancing Orr's sentence based on prior convictions; and

(5) Orr's sentence is unconstitutional under *United States v. Booker*, 125 S.Ct. 738 (2005).

The Fifth Circuit Court of Appeals affirmed Orr's conviction and sentence. He then filed a petition of *certiorari* with the United States Supreme Court. The Court denied the writ on January 9, 2006.

Orr filed his initial Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 September 7, 2006. On August 6, 2007, he filed an amended § 2255 motion. The government responded to the claims in both motions on November 9, 2007. Orr's claims are difficult to discern, but the court, under the liberal standard set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), has identified these claims:

**Claims in Original Petition**

1. Ineffective Assistance of Counsel: Defense counsel did not object to clear up confusion over whether Orr was being tried regarding cocaine hydrochloride (powder cocaine) or cocaine base (crack cocaine);

2. Orr's sentence violates the rule set forth under *United States v. Booker*, 125 S.Ct. 738 (2005) by using a drug quantity not charged and proved beyond reasonable doubt to the jury.

3. The court erred in categorizing Orr as a career offender based upon prior convictions;

**Claims in Amended Petition**

1. Ineffective assistance of counsel (by fraud, perjury, and wrongdoing);

    a. Orr was not permitted to confront the Grand Jury;

    b. His attorney not licensed to practice law;

2. The government breached a plea agreement with Orr;

3. The government, its attorneys, the court, and others breached the "contract of basic rights under the Constitution by fraud, perjury, and wrongdoing;"

4. The court lacked subject matter jurisdiction to hear Orr's criminal case.

**Procedural Bar and Procedural Default**

A movant under 28 U.S.C. § 2255 faces procedural *bar*[1] if the Court of Appeals has already ruled on a given issue – and procedural *default*[2] if the movant fails to raise the issue on direct appeal. Under this rule Orr is barred from raising several of his § 2255 claims: (1) ineffective assistance of counsel regarding the confusion between crack cocaine and powder cocaine at trial (Fifth Circuit ruling); (2) violation of the rule set forth in *Booker* regarding the amount of cocaine attributed to Orr for sentencing (Fifth Circuit ruling after a hearing); (3) error in applying the sentencing guidelines and finding that Orr is a career offender (Fifth Circuit ruling); (4) breach of a plea agreement by the government (Fifth Circuit ruling); (5) want of subject matter jurisdiction (Fifth Circuit ruling); and (6) breach of the "contract of basic rights under the Constitution by fraud, perjury, and wrongdoing" (issue not raised at trial or on direct appeal). As the Fifth Circuit Court of Appeals has already ruled on these issues – or the issues

---

[1]*United States v. Kalish,* 780 F.2d 506, 508 (5th Cir.), *cert. denied,* 476 U.S. 1118 (1986).

[2]*United States v. Frady,* 456 U.S. 152, 164, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *United States v. Shaid,* 937 F.2d 228, 231-32 (5th Cir.1991).

were not presented on direct appeal – they are barred from review in this court under 28 U.S.C. § 2255 and shall be dismissed.

### Ineffective Assistance of Counsel

Orr argues that counsel was ineffective because of fraud, perjury, and wrongdoing because counsel did not assert a right to confront the Grand Jury to give Orr awareness of "the nature and cause of the accusation." In addition, Orr argues that the postal seal on a letter from his attorney was out of date, showing that his attorney was not licensed to practice law. Under the deficiency prong of the test, the movant must show that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time without using the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The movant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, the movant must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

Put simply, Orr has not alleged that his attorney made an error; and, certainly, Orr has suffered no prejudice from his attorney's performance. As to his claimed right to confront the Grand Jury, such a right does not exist. Under FED. R. CRIM. P. 6(d)(1) only the attorneys for the government, the witness being questioned, interpreters when needed, and a court reporter or an

operator of a recording device are allowed to be present in the grand jury sessions. FED. R. CRIM. P. 6(d)(1); see also *Dennis v. United States*, 384 U.S. 855, 869 (1966) (upholding the secrecy of the grand jury proceedings in the federal courts). Orr had no right to confront the Grand Jury, and his counsel was thus not deficient in declining to present such an argument. Therefore, Orr has not established that his counsel committed error – and cannot prove ineffective assistance of counsel. This claim is without substantive merit and shall be dismissed.

Orr next alleges that an envelope his attorney sent to him had an out-of-date postal seal, thus proving that his counsel was not licensed to practice law. Therefore, argues Orr, his counsel engaged in fraud, perjury and wrongdoing. The validity of the postal seal on the letter in question has no bearing on whether Orr's counsel is licensed to practice law. According to court records, Orr's counsel is a member of the Mississippi Bar and is licensed to practice law in this court. Orr's allegations of ineffective assistance of counsel by fraud, perjury, and wrongdoing are therefore wholly without merit and shall be dismissed.

**The Court's Jurisdiction to Hear Criminal Cases**

As discussed above, Orr has argued that the court was without subject matter jurisdiction to hear his criminal case. If true, it would come as a surprise to this and all other federal district courts across the nation which preside over criminal cases every day. Orr sets forth two related theories to argue his point. He argues first that the United States Constitution establishes only the Supreme Court – and that Congress must create other inferior federal courts. Under Article III, Section 1 of the Constitution, he is correct. He then argues that only the Supreme Court is a constitutional court under Article III. He is simply wrong in this argument. Finally, Orr asserts that Congress never created any other courts, and, as such, this court has no jurisdiction to hear

his criminal case. He is also mistaken about this assertion. The Fifth Circuit has already ruled on these two issues in a case originating in Texas:

> [Orr's two] main arguments seem to be 1) that the Fifth Circuit is not a constitutional court, but a legislative court; [and] 2) that federal criminal jurisdiction is limited to admiralty/maritime jurisdiction and federal common law[.]
>
> The [arguments made by Orr] for the constitutional/legislative court distinction do not concern the federal district or appeals courts; they deal with territorial courts, the Court of Claims, and the District of Columbia courts. [Orr] cites no authority for the proposition that either this court or the district court for the [Northern District of Mississippi] is not an Article III constitutional court. Under Article III, § 1 of the constitution, "[t]he Judicial Power of the United States, shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish." The current codification of this court's authority is 28 U.S.C. § 41; [Mississippi] district courts fall under 28 U.S.C. § [104].
>
> Article III, § 2 provides that the "judicial Power shall extend to all cases, in Law and Equity, arising under . . . the Laws of the United States" and "to Controversies to which the United States shall be a Party." Under 18 U.S.C. § 3231, federal district courts "shall have original jurisdiction, exclusive of the court of the States, of all offenses against the laws of the United States." This court has recognized the district courts' criminal jurisdiction in *United States v. Drobny,* 955 F.2d 990, 997 (5th Cir.1992).
>
> [Orr's] second argument is also flawed. The [arguments supporting] the proposition that federal criminal jurisdiction is limited to admiralty/maritime jurisdiction and federal common law [do not] restrict the federal courts from exercising jurisdiction over criminal conduct.
> . . .
> [Orr] interprets "Laws of the United States" to mean only common law and admiralty/maritime law, but [he] cites no authority to support this proposition.

*United States v. Diaz*, 33 F.3d 1378 (5th Cir. 1994). Orr makes essentially the same arguments that Mr. Diaz presented, unsuccessfully, to the Fifth Circuit. These claims are thus wholly without merit and shall be dismissed.

**Treatment of Constitution as a Contract**

Finally Eli "Tom" Orr argues that the presiding judge; United States Attorney, Jim M. Greenlee; Assistant United States Attorneys, Thomas W. Dawson and William Chadwick Lamar; and Defense Attorney Edward Dudley Lancaster, Esquire, breached a "contract of basic rights" given all citizens in the United States Constitution. He argues that these individuals committed a breach of contract by engaging in fraud, perjury and wrongdoing. This argument is both innovative and meritless.

The breach of contract claim is without merit because Orr does not allege any facts to support a claim for contractual breach – or any other acts these individuals took outside the scope of their legal duties. *Koch v. Puckett*, 907 F.2d 524, 530 (bare allegations are insufficient to raise a constitutional issue). The gravamen of Orr's argument is that the United States Constitution is a contract between the Government and the People that protects the basic rights of all citizens – and that the people named above breached the terms of the contract. Again, however, Orr never alleges any factual or legal basis for his position. As such, they are without merit. *Ross v. Estelle*, 694 F.2d 1008, 1011- 12 & n. 2 (5th Cir. 1983) (declining to hold evidentiary hearing based on petitioner's bare assertions); *Russell v. Lynaugh*, 892 F.2d 1205, 1213-14 (5th Cir. 1989) (concluding that petitioner failed to allege facts of actual conflict of interest warranting habeas relief and, therefore, refused to remand for evidentiary hearing on that claim).

Furthermore, Orr's argument that the Constitution is a contract is undeveloped. While there is no published case law addressing this issue, the Tenth Circuit has done so in an unpublished decision. In *United States v. Novonty*, the defendant argued that the U.S. Constitution was a contract that both the judge and law enforcement swore to uphold but,

nonetheless, they breached that contractual duty. *United States v. Novonty*, 968 F.2d 22 (10th Cir. 1992). The Tenth Circuit rejected the defendant's argument on the grounds that his claim was conclusory and had not been developed adequately by factual allegation or legal argument. *Id.* Similar to the defendant in Novonty, Orr's argument is conclusory and undeveloped. Orr simply alleges that his right has been breached – but fails to point to any facts to support this allegation.

In sum, all of Orr's arguments are either procedurally defaulted, procedurally barred, or without substantive merit and shall be dismissed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 11th day of June, 2008.

　/s/ Michael P. Mills  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT  
NORTHERN DISTRICT OF MISSISSIPPI