IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ELI "TOM' ORR                                                                         MOVANT

v.                                                                           No. 1:03CR35-M

UNITED STATES OF AMERICA                                                        RESPONDENT

### ORDER DENYING ORR'S MOTION TO ALTER
### OR AMEND JUDGMENT UNDER Fed. R. Civ. P. 59(e)

This matter comes before the court on the motion [104] of Eli "Tom" Orr to alter or amend the court's judgment denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has not responded to the motion, and the matter is ripe for review. For the reasons set forth below, the instant motion shall be denied.

Orr makes three arguments in support of his motion. First, he argues that the court should not have imposed a non-monetary sanction[1] against him without first giving him notice of the sanctionable pleadings and an opportunity to correct any deficiency in them. Second, he argues that he should not be held accountable for the sanctionable conduct because he is functionally illiterate and did not understand the content of the pleadings drafted by inmate writ-writers on his behalf. Finally, he argues that the court inappropriately recharacterized his amended motion for relief as a first motion under § 2255 – and did so without warning him of the potential

---

[1]After the court directed the government to respond to Orr's § 2255 motion, Orr filed a barrage of bizarre papers with the court. These papers were difficult to decipher and, when deciphered, had little or nothing to do with Orr's case and applicable law. The government moved that the court strike the offending papers and institute a procedure by which the court would screen Orr's submissions for merit prior to filing them. The court granted the motion and has so screened Orr's motions and papers since. Orr's arguably meritorious papers have been placed on the court's docket; his frivolous or nonsensical papers have not.

consequences of such a recharacterization as required under *Castro v. United States*, 540 U.S. 375 (2003). He also alleges that he has never received a copy of the court's order imposing the non-monetary sanction.

First, Orr seeks for relief an order permitting him to withdraw the "Amended Motion Under Subsection 2255." Second, he requests that the court consider, instead, the "Memorandum of Contentions of Fact and Law[2]" or – if the court should decide not to consider the attached memorandum – that the court consider instead Orr's original motion for relief under § 2255. For the reasons set forth below, Orr's motion for relief from judgment shall be denied.

### The Court Considered All of Orr's Claims

In the present motion, Orr proceeds under the assumption that – due to the sanction against him – the court did not consider his original motion for § 2255 relief. This is simply incorrect. In its memorandum opinion and final judgment of June 11, 2008, the court analyzed the claims in Orr's original motion *and* the claims in his amended petition. The claims were either procedurally barred, procedurally defaulted, or without merit. Thus, to the extent that Orr seeks the court's consideration of his original § 2255 claims, he received that relief on June 11, 2008.

### The Non-monetary Sanction Did Not Affect Orr's Legal Position

Orr next claims that the court's imposition of a non-monetary sanction against him was improper for two reasons: (1) he had insufficient notice of the non-monetary sanction imposed against him under the "safe harbor" provisions of FED. R. CIV. P. 11, and (2) he is functionally

---

[2]This document is attached to the instant motion for relief from judgment and is a challenge to the imposition of nonmonetary sanctions, not to Orr's conviction.

illiterate and did not understand the content or implications of the papers submitted to the court on his behalf by an inmate writ-writer. As Orr suffered no detriment, legal or otherwise, from the sanction imposed, both of these claims must fail.

A federal court derives its power to impose sanctions from three sources: FED. R. CIV. P. 11, 28 U.S.C. § 1927, and its inherent power. Of these three sources, only the court's inherent power applies to Orr in the instant case. Rule 11 could not be used in this case because it only applies to pleadings, written motions, and other papers filed in *civil* actions (not criminal actions[3], as the present case) in the federal district courts. FED. R. CIV. P. 11(c)(2) and 11(b)(1)-(4). Neither would §1927 be an appropriate source in the present case because § 1927 applies only to misconduct by attorneys, and Orr is not trained in the law. As such, the court's inherent power is the only proper vehicle for imposing a sanction in this case.

When using its inherent power to impose monetary sanction, or some other sanction affecting the substantial rights of a party or attorney, the court should provide the person facing the sanction an opportunity to appear and explain his actions. *Persyn v. United States*, 135 F.3d 773 (Fed. Cir. 1997). In this case Orr did not have the opportunity to respond before the court imposed the sanction. However, an opportunity to respond was unnecessary because the sanction imposed (the court's review of Orr's papers for potential merit prior to filing) did not harm his legal position in any way. The court has examined each paper Orr has submitted, placing the potentially meritorious ones on the docket – and the frivolous, nonsensical, or vexatious ones in

---

[3]A motion for postconviction relief under 28 U.S.C. § 2255 is not a petition for a writ of *habeas corpus*; instead, it is a motion to vacate, set aside, or correct the sentence imposed by the federal court. 28 U.S.C. § 2255. It is therefore simply another step in the movant's criminal case – not a separate civil action. Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 1, Advisory Committee Comments.

the jacket file without docketing. For this reason the procedure used by the court simply put Orr in the same position as if the motions placed in the jacket file by the court had been docketed and ruled upon. This fulfills the requirement of imposing the least severe sanction adequate to deter sanctionable conduct in the future under the rule set forth in *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866 (5th Cir. 1988). Orr has suffered no harm from the sanction imposed; as such, his claims for relief based upon illiteracy and insufficient notice of sanction shall be denied.

### The Court Did Not Recharacterize Orr's Claims

Orr argues finally that the court recharacterized his amended motion as one filed under 28 U.S.C. § 2255 without first warning him of the restrictions placed upon second or successive petitions and allowing him the opportunity to withdraw the motion or amend it to include all of the claims he believed he had. *See Castro v. United States*, 540 U.S. 375, 157 L.Ed.2d 778, 124 S.Ct. 786 (2003)(requiring such warnings before recharacterizing an ambiguous pleading as a first motion for § 2255 relief). This argument is without merit because Orr *himself* characterized both his original motion and amended motion motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The original motion, filed September 7, 2006, is entitled "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." The amended motion, filed August 6, 2007, is entitled "Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." As Orr unequivocally characterized each motion as the type seeking relief under 28 U.S.C. § 2255, the rule set forth in *Castro* does not apply to this case. This claim is thus without merit and shall be dismissed.

In sum, all of Orr's claims are without merit and are hereby **DENIED**. However, as Orr claims that he did not receive a copy of the court's non-monetary sanction order, the court hereby **DIRECTS** the Clerk of the Court to include a copy of the court's October 1, 2007, order when mailing a copy of this order to Orr.

**SO ORDERED,** this the 8th day of September, 2008.

                                            **/s/ MICHAEL P. MILLS**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**
                                            **NORTHERN DISTRICT OF MISSISSIPPI**